IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY D. SMITH, on behalf of himself and all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| GURSTEL CHARGO, PA, and TODD GURSTEL, and MITCH CHARGO, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.:

**CLASS ACTION COMPLAINT and JURY DEMAND**

## I.   INTRODUCTION

1)   This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff Gary D. Smith, on behalf of himself and all persons similarly situated, seek declaratory judgment, injunctive relief, and statutory damages against Defendants Gurstel Chargo, PA, Todd Gurstel, and Mitch Chargo, for their routine practice of sending letters in the form of those sent to Mr. Smith which appear on the letterhead of a law firm and state: "no attorney with this law firm has personally reviewed the particular circumstances of your account" thereby (1)

falsely representing or implying that a communication is from an attorney in violation of 15 U.S.C. §1692e(3); and (2) using any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10). *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011). Defendants falsely state that the alleged debt can be cured in violation of 15 U.S.C. §1692e. Defendants' letter contradicted and overshadowed the validation notice in violation of 15 U.S.C. §1692g(a). The statement, "You have a right to correct this default until **May 16, 2014.** If you do so, you may continue with the credit transaction as though you did not default." in Defendants' letter is false and misleading to an unsophisticated consumer in violation of 15 U.S.C. §1692e.

## II. JURISDICTION

2)     Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

3)     In personam jurisdiction exists and venue is proper as the Defendants regularly do business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. §1391.

## III.     PARTIES

4)      Plaintiff Gary D. Smith ("Mr. Smith") is an adult individual residing in Omaha, Nebraska.

5)      At all times material hereto, Mr. Smith and each member of the class he seeks to represent are "consumers" as that term is contemplated in §1692a of the Act.

6)      Defendant Gurstel Chargo, PA ("GurstelChargo") is a law firm engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with their place of business located in Golden Valley, Minnesota and is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

7)      Defendant Todd Gurstel ("Mr. Gurstel") is an attorney at law and an owner and operator of Defendant Gurstel Chargo, PA and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Golden Valley, Minnesota. He is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

8)      Defendant Mitch Chargo ("Mr. Chargo") is an attorney at law and an owner and operator of Defendant GurstelChargo, PA and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Golden Valley, Minnesota. He is a

"debt collector" as that term is contemplated in §1692a(6) of the Act.

9) Defendants Gurstel Chargo, PA, Todd Gurstel, and Mitch Chargo, routinely send, or cause to be sent, letters in the form of the letter sent to Mr. Smith which appear on the letterhead of a law firm and states, "no attorney with this law firm has personally reviewed the particular circumstances of your account," which falsely states that the alleged debt can be cured, contradicts and overshadows the validation notice in violation of the FDCPA, 15 U.S.C. §§1692e and g.

10) Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

11) Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to

"Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

12) Capital One Bank (USA) N.A. ("Capital One Bank") asserts that Mr. Smith incurred a credit card obligation to Capital One Bank (USA) N.A. for personal, family, or household purposes, e.g. – the purchase of groceries, clothing, gasoline, household items, etc.

13) The alleged obligation, which is the subject of Defendants' letter was closed or charged off in 2013 prior to Defendants receiving the account for collection.

14) The ability to use the Capital One Bank credit card as the account has been closed.

15) JH Portfolio obtained the Capital One Bank obligation after it had gone into default.

16) JH Portfolio placed Mr. Smith's alleged Capital One Bank obligation with GurstelChargo for collection.

17) Defendants GurstelChargo, Mr. Gurstel, and Mr. Chargo sent, or caused to be sent, a letter dated April 16, 2014 to Mr. Smith attempting to collect a debt alleged to be due JH Portfolio. A copy is attached hereto as <u>Exhibit A</u>.

18) <u>Exhibit A</u> was the first letter sent by GurstelChargo, Mr. Gurstel, and Mr. Chargo to Mr. Smith regarding the debt allegedly due to JH Portfolio.

19) <u>Exhibit A</u> appear on the letterhead of GurstelChargo, Attorneys at Law, a law firm.

20) The first sentence of <u>Exhibit A</u> states: "JH Portfolio Debt Equities retained our law firm to collect upon a debt it purchased."

21) The second paragraph of <u>Exhibit A</u> states: "At this time, no attorney with this law firm has personally reviewed the particular circumstances of your account."

22) <u>Exhibit A</u> states further:

### NOTICE OF RIGHT TO CURE

You are now in default of this credit transaction. You have a right to correct this default until **May 16, 2014.** If you do so, you may continue with this credit transaction as though you did not default. Your default consists of non-payment as agreed to per the credit agreement. Correction of this default may be made by sending to this office, by the date set above, the sum of $3,007.82, which is the amount that you are now in default. If you do not correct this default by the above date, your creditor may exercise rights against you under the law. If you default again in the next year, your creditor may exercise its rights without sending you another notice like this one.

**NOTICE:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume

this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

23) Exhibit A is signed "By the Firm, Gurstel Chargo PA."

24) Payment of the alleged debt by the date stated would not permit the alleged debtor to "continue with this credit transaction as though you did not default," i.e. - to continue to use the credit card.

25) Upon information and belief, Defendants Mr. Gurstel and Mr. Chargo personally designed, implemented, directed, and supervised the collection practices and policies of Gurstel Chargo including the design and text of and the procedure for use of Exhibit A.

26) Mr. Smith was confused by Exhibit A.

27) The unsophisticated consumer such as Mr. Smith would be confused and mislead by Exhibit A.

## V. DEFENDANTS' ROUTINE PRACTICES

28) It is the routine practice of Defendants Gurstel Chargo, Mr. Gurstel,

and Mr. Chargo to send, or cause to be sent, letters in the form of <u>Exhibit A</u> regarding alleged credit card debt originated by Capital One Bank.

29) It is and was the policy and practice of JH Portfolio to purchase consumer credit card accounts originated by Capital One Bank in default and to retain Defendants GurstelChargo, Mr. Gurstel, and Mr. Chargo to act as its attorney to collect those alleged debts.

## VI.   CLASS ALLEGATIONS

<u>FDCPA Class:</u>

30) This action is brought on behalf of a class of similarly situated persons defined as the first FDCPA class which includes: (i) all Nebraska residents to whom Defendant GurstelChargo, Mr. Gurstel, and/or Mr. Chargo sent or caused to be sent a letter in the form of <u>Exhibit A</u> (ii) regarding a credit card account originated by Capital One Bank (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter.

<u>NCPA Class:</u>

31) This action is brought on behalf of a class of similarly situated persons defined as the first NCPA class which includes: (i) all Nebraska residents to whom Defendant GurstelChargo, Mr. Gurstel, and/or Mr. Chargo, sent or caused to be

sent a letter in the form of Exhibits A (ii) regarding a credit card account originated by Capital One Bank (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the four year period prior to the filing of the complaint in this matter.

32) On information and belief based on Defendants' use of form letters, the class is so numerous that joinder of all members is impractical.

33) There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' letter in the form of Exhibit A violate 15 U.S.C. §§1692e, 1692e(2), 1692e(3), 1692e(10), and 1692g(a) and the NCPA.

34) Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

35) Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

36) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

37) Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(a) The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38) Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

39) Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  COUNT I -- **FAIR DEBT COLLECTION PRACTICES ACT**

40) Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

41) Defendants: (a) used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10); and (b) falsely represented or implied that a communication is from an attorney in

violation of 15 U.S.C. §1692e(3). See: *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011).

42) Defendants used false representations or deceptive means to collect or attempt to collect any debt by misrepresenting the alleged debtor's right to cure and "continue with this credit transaction as though you did not default" in violation of 15 U.S.C. §1692e, e(2), and e(10).

43) Defendants contradicted and overshadowed the validation notice in violation of 15 U.S.C. §1692g(a).

WHEREFORE, Plaintiff Gary D. Smith requests that judgment be entered for himself and the class he seeks to represent against Defendants Gurstel Chargo, PA, Todd Gurstel, and Mitch Chargo, for:

- A. Certification of this action to proceed as a class action;
- B. Statutory damages to the Plaintiff and the class, pursuant to 15 U.S.C. §1692k(a)(2); actual damages to the class if any;
- C. Entry of a Declaratory Judgment finding that Defendants' practices challenged herein violate the FDCPA;
- D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(2); and
- E. Such other and further relief as the court deems just and

equitable.

## VIII.   COUNT II - CONSUMER PROTECTION ACT

44)   Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

45)   Defendant Gurstel Chargo, PA is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et. seq*.

46)   Defendant Todd Gurstel is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et. seq*.

47)   Defendant Mitch Chargo is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et. seq*.

48)   Sending letters in the form of Exhibit A constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

49)   These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff Gary D. Smith requests that judgment be entered for himself and the class he seeks to represent against Defendants Gurstel Chargo, PA, Todd Gurstel, and Mitch Chargo, for:

    A.    Certification of this action to proceed as a class action;

    B.    Statutory damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

    C.    Injunctive Relief;

    D.    Actual damages, if any for the class

    E.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

    F.    Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

## IX.   JURY DEMAND

Plaintiff demands trial by jury of all claims so triable.

Dated this 17th day of June, 2014.

                     Gary D. Smith, on behalf of himself
                     and all others similarly situated,
                     Plaintiff,

By:   */s/ Pamela A. Car*
      Pamela A. Car, #18770
      William L. Reinbrecht, #20138
      Car & Reinbrecht, P.C., LLO
      8720 Frederick Street, Suite 105
      Omaha, NE 68124
      1 (402) 391-8484
      Fax: 1 (402) 391-1103
      E-mail: pacar@cox.net

      and

      O. Randolph Bragg
      HORWITZ, HORWITZ & ASSOC.
      25 East Washington St., Suite 900
      Chicago, IL 60602
      (312) 372-8822
      (312) 372-1673 (FAX)
      E-mail: rand@horwitzlaw.com
     ATTORNEYS FOR PLAINTIFF
      AND THE PUTATIVE CLASS