IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY D. SMITH, on behalf of himself and all others similarly situated;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GURSTEL CHARGO, PA,<br><br>　　　　　　Defendant. | 8:14CV183<br><br>ORDER PRELIMINARILY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |

　　　This matter is before the court on the parties' joint motion for preliminary approval of class action settlement, Filing No. 20. This is a purported class action for damages for violations of the Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. ("NCPA"). Plaintiff Gary D. Smith and defendant Gurstel Chargo, P.A. have agreed, subject to court approval, notice to the class and a fairness hearing, to settle this action. Filing No. 22, Index of Evid., Ex. 1, Class Action Settlement Agreement ("Agreement"). The parties jointly move for preliminary certification of the class, preliminary approval of the proposed settlement, and for certification of plaintiff Gary D. Smith as class representative and his attorneys as class counsel, and for approval of the parties' proposed notice to class members.

　　**I. FACTS**

　　For purposes of the settlement, the parties seek preliminary certification of the following Nebraska class of plaintiffs:

> All individuals in the State of Nebraska to whom during the period commencing four years prior to the filing of suit, June 17, 2014, through the date of preliminary approval, it sent a letter substantially similar to Exhibit A to Plaintiff's Complaint and whose letter was not returned as undeliverable. There will be a sub-class ("the FDCPA sub-class") consisting of Nebraska consumers to whom such letters were sent during the portion of the class period commencing one year prior to the filing of this suit.

Ex. 1, Proposed Settlement Agreement ("Agreement").[1]  The class is estimated to be comprised of 3,435 people.  *Id.* at 4.  The FDCPA subclass is estimated to be comprised of 1,898 people.  *Id.*

The Settlement provides that the defendant shall pay to the class a total Settlement Fund of $5,000 to settle the NCPA claims.  That sum is to be divided equally among all class members.  *Id.* at 12.  Defendant will also pay to the FDCPA sub-class a settlement fund of $4,259.03, representing its maximum liability under the FDCPA.  This fund will be distributed equally among all FDCPA sub-class members.  *Id.*

As part of the consideration for the individual and class releases, the defendant represents that it has stopped using the letter at issue, and it warrants that it will not use that form in the future.  *Id.*  The defendant has also agreed to pay plaintiff Gary D. Smith for his individual claims the total amount of $1,000.00, as provided for in 15 U.S.C. § 1692k, and, in consideration of his service to the Class, the defendant agrees to pay him an additional $2,000.00.  *Id.*

---

[1] The Agreement excludes the following persons (assuming that they otherwise meet the class Definition):  a. any person who is already subject to an existing signed general release that covers Gurstel Chargo, PA; b. any person who is deceased as of the date of preliminary certification; c. any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and e. any class member who timely mails a request for exclusion.  *Id.*

2

The Agreement provides that it is to be administered by the defendant (or, at defendant's choice and subject to approval of Class Counsel, an independent claims administrator). *Id.* at 10. The agreement further provides the Defendant will bear the costs of class administration, and, subject to court approval, the defendant will pay the plaintiff's reasonable attorney fees and expenses in an amount not to exceed $12,547.60. For the limited purpose of this settlement, the defendant agrees that plaintiff is the prevailing party. *Id.* at 12-13, 15.

The agreement also provides for disposition of undistributed or unclaimed funds as a *cy pres* distribution to Legal Aid of Nebraska for use in consumer representation and/or consumer education. *Id.* at 12. The parties also submit a proposed form of notice to the class. Filing No. 22, Ex. 1-C (CM/ECF 122-4). The notice alerts class members that the fairness hearing will provide class members an opportunity to present their views on the proposed settlement and informs class members of procedures for doing so. *Id.*

## II. Law

Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4)

3

adequacy of representation). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258 59 (8th Cir. 1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *compare Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) *with Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323 (8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559, 60; *Tate*, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint). A putative representative may fail its burden to show numerosity where he or she does not actually identify even the approximate size of the class or demonstrate the impracticability of joinder. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

The commonality requirement is satisfied if the claims of the class "depend upon a common contention" whose "truth or falsity will resolve an issue that is central to the validity" of each class member's claims. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Commonality is not required on every question raised in a class action. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, Rule 23 is

4

satisfied when the legal question linking the class members is substantially related to the resolution of the litigation.  *Id.* (quoting *Paxton*, 688 F.2d at 561).

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)).  The burden is fairly easily met so long as other class members have claims similar to the named plaintiff.  *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).

The adequacy of representation requirement of Rule 23(a)(4) is of critical importance in every class action. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986).  The adequacy of representation inquiry reflects concerns about whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit.  *Id.*; *Paxton*, 688 F.2d at 562-63.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b).  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005).  Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute.  *Id.*;

5

Fed. R. Civ. P. 23(b)(3). "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191, (2013).

The predominance inquiry requires an analysis of whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member. *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013). The matters pertinent to the Rule 23(b)(3) inquiry include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B).

In considering preliminary approval of a proposed settlement in a class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632; *see also* Fed. R. Civ. P. 23(e). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the

6

class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996).

## III. DISCUSSION

The court preliminarily finds that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. The parties have shown that the class and subclass are capable of being ascertained and consist of approximately 3435 people and 1898 people, respectively. That number of people is so numerous that joinder of all of them in the action would be impracticable, if not virtually impossible. The court also finds that there are questions of law and fact common to the Class members and that those issues predominate over any individual issues. The plaintiff's

7

claims and the claims of the putative class members are identical and would be established with common evidence. Because the maximum potential recovery under the FDCPA is only $1,000 in statutory damages per person, individual class members have little incentive to litigate their claims individually in view of the high cost of litigation.

Also, the parties have shown that the claims of the Class Representative is typical of the claims of the Class members. Further, the parties have shown that Class Counsel can fairly and adequately represent and protect the interests of all of the class members. Class Counsel has considerable experience and expertise in this type of litigation. It preliminarily appears that class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. The parties have shown that as a result of voluntary discovery, counsel have reasonably evaluated their positions and settlement will avoid potential costs, delays and risks of further litigation.

The court finds that the distribution of the Notice substantially, in the manner and form set forth in the Agreement, meets the requirements of due process under Fed. R. Civ. P. 23(e). The form of notice—individual mailed notice—is the best practicable under the circumstances. The court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the class, the right to object or opt out, and the proposed settlement and its terms. The proposed notice appears reasonably calculated to apprise the class members of the pendency of the action and to provide them an opportunity to present their objections.

The court has reviewed the submissions of the parties and preliminarily finds that settlement of the dispute between the parties on the terms and conditions set forth in the proposed agreement is fundamentally fair, reasonable, adequate, and in the best interest of the class members. In view of the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class, the settlement provides significant benefits to the class members. Under 15 U.S.C. § 1692k, the putative class members' recovery is limited to the lesser of 1% of the net worth of the debt collector or $500,000.00. Class counsel has shown that the parties have exchanged information regarding the defendant's net worth, and has considered the net worth of the individual defendant in determining the settlement payment amount. In light of the fact that the chances of success at trial are uncertain, the court finds the amount of the payment to the class members is fair and reasonable.

The parties have also shown that the settlement is the result of arms-length negotiations. Counsel for all parties have considerable experience in class action litigation. The court finds the proposed settlement agreement between the plaintiff class and defendant appears, on preliminary review, to be within the range of reasonableness and, accordingly, the court finds the proposed partial settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e) should be held, after which an order of final approval may issue.

IT IS ORDERED:

1. The parties' joint motion for preliminary approval of class action settlement (Filing No. 20) is granted.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class:

> All individuals in the State of Nebraska to whom during the period commencing four years prior to the filing of suit, June 17, 2014, through the date of preliminary approval, it sent a letter substantially similar to Exhibit A to Plaintiff's Complaint and whose letter was not returned as undeliverable. There will be a sub-class ("the FDCPA sub-class") consisting of Nebraska consumers to whom such letters were sent during the portion of the class period commencing one year prior to the filing of this suit.

3. Plaintiff Gary D. Smith is designated as the class representative and William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, Ltd. are designated as counsel for the class.

4. The proposed settlement agreement (Filing No. 22, Ex. 1) is preliminarily approved and is incorporated herein.

5. A hearing ("Fairness Hearing") shall be held before this court on **March 19, 2015, at 9:00 a.m**. in Courtroom 3 in the United States District Court for the District of Nebraska, located at the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE 68102, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the court should finally approve a

statutory enhancement payment for the named plaintiff; and the amount of attorney fees and costs to be awarded Class Counsel O. Randolph Bragg, Pamela A Car, and William L Reinbrecht.

6. The proposed "Notice of Class Action," Filing No. 22, Ex. 1C, is approved as to form and content.

7. The Class Notice shall be distributed to the Class as set forth in the Agreement, Filing No. 22, Ex. 1 at 8-9, beginning on or before December 1, 2014.

9. Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by **March 5, 2015**. Class members who wish to exclude themselves from (opt out of) the class and the proposed settlement agreement must mail a written request for exclusion to class counsel and counsel for defendant postmarked no later than **March 5, 2015**. In any such written request for exclusion, the class member should set forth his or her full name, address, and telephone number, and the last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

10. Any class member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

11. This Order shall not be construed or deemed to be a finding by this court or evidence of a presumption, implication, concession, or admission by defendant concerning (1) any alleged liability, fault, or wrongdoing by the defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement

11

Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to this action.

DATED this 17th day of November, 2014

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge