IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY D. SMITH, on behalf of himself and all others similarly situated, § § § § | | |
| Plaintiff, | § § | |
| VS. | § § | Case No.: 8:14-cv-00183-FG3 |
| GURSTEL CHARGO, PA, | § § § § | |
| Defendant. | § | |

**JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

Gary D. Smith (hereinafter referred to as "Plaintiff") moves that the Court grant final approval to the class settlement in this case pursuant to Rule 23 of the Federal Rules of Civil Procedure, and approve the attached class notice, and in support of such motion would respectfully show the following:

**1. NATURE OF THE CASE**

1.01. Plaintiff is an individual consumer who allegedly became delinquent on his consumer debt. Defendant is a multi-state law firm that attempted to collect such debt from Plaintiff. Plaintiff contends that in attempting to collect a consumer debt from him and the Class he seeks to represent, Defendant sent a collection letter that allegedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*. and the Nebraska Consumer Protection Act, NEB. REV. STAT. § 59-1601, *et seq.* Plaintiff asserts that such violations render Defendant liable for statutory damages under the FDCPA and the NCPA.

1

1.02. Defendant denies Plaintiff's allegations and asserts that it has no liability under state or federal law to Plaintiff or the class he seeks to represent.

## 2. MOTION

2.01. Plaintiff moves the Court to certify a Rule 23(b)(3) class and to approve the settlement reflected in the Settlement Agreement filed herewith. Class members will be given notice of this action, of the proposed settlement, and of the opportunity object, opt out, or submit claim forms. Congress has set limits on the class liability in FDCPA cases, and the settlement provides for payment of the maximum statutory penalty provided for under the FDCPA.

## 3. JOINT MOTION

3.01. Defendant joins in the request for certification solely for settlement purposes. In the event that the settlement is not approved or as may otherwise be provided in the Settlement Agreement, In the event that this motion is not granted, Plaintiff stipulates that the earlier preliminary certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendant's right to contest certification on any legal or equitable grounds.

3.02. In light of, and subject to the approval of the settlement agreement attached hereto, Plaintiff and Defendant jointly move that the Court finally certify Plaintiff as class representative and Plaintiff's attorneys as class counsel.

3.03. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of certification at any such contested hearing.

3.04. Movants are each satisfied as to:

 a. the accuracy of the representations and warranties contained in the Settlement Agreement;

 b. the performance by the Movants of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

 c. the form and content of the proposed final order;

 d. their receipt of all documents reasonably required to implement the Settlement Agreement; and

 e. the absence of other class actions asserting causes of action substantially identical to those asserted by Plaintiff in the present case.

## 4. NATURE OF SETTLEMENT

4.01. Subject to final approval of the Court the parties have agreed to a settlement of this suit on the terms set forth in the Settlement Agreement that was previously filed in this case.  The Settlement provides that Plaintiff will act as class representative and Plaintiff's attorneys as Class Counsel. The Settlement provides substantial benefits to the Class (as defined therein), which is a Class for settlement purposes only, and is fair, reasonable, and

adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

4.02. Subject to the terms of the Settlement Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to the Class a total Settlement Fund of $5,000 to settle the NCPA claims. That sum will be divided equally among all class members. Defendant will also pay to the FDCPA sub-class a settlement fund of $4,259.03, representing its maximum liability under the FDCPA. This fund will be distributed equally among all FDCPA sub-class members. Both of such distributions shall be made without the need for a proof of claim. All distribution checks to the Class will expire after 120 days of issuance, and any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to Nebraska Legal Aid for use in consumer representation and/or consumer education.

B. As part of the consideration for the individual and class releases Defendant represents that it has stopped using the letter at issue, and it warrants that it will not use that form in the future.

C. Defendant will also pay Plaintiff Gary D. Smith for his individual claims the total amount of $1,000.00, as provided for in 15 U.S.C. § 1692k, and in consideration of Plaintiff's service to the Class Defendant will pay to him an additional $2,000.00.

    D.    Defendant shall bear the costs of class administration,

    E.    Subject to approval of the Court Defendant shall pay in addition to the above the reasonable attorney's fees and expenses of Plaintiff's attorneys in an amount not to exceed $12,547.60.

4.03. Counsel for Plaintiff and Defendant represent to the Court that the proposed settlement was reached through arms-length negotiations between the parties and that Class Counsel are able and experienced attorneys who are well-qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members. Plaintiff asserts, and Defendant does not dispute for settlement purposes only, that the Class meets the requirements for class certification under FED. R. CIV. P. 23.

4.04. The Class Notice was mailed in accordance with the directives of the Court. Two persons have opted out of the Class, and there have been no objections to the proposed settlement. A list of those persons who have opted out of the Class is attached hereto.

4.05. Movants have agreed on the form of a final order giving effect to the Settlement and dismissing without prejudice all claims of any purported class members who have been excluded from the class. A copy of that order is being submitted with this motion.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1.    finally certify the Class as set forth in the proposed Settlement Agreement;

2. finally certify Plaintiff as representative of the Class and Plaintiff's attorneys as counsel for the Class; and

5. grant final approval to the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

/s/ Pamela A Car
CAR & REINBRECHT, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE 68124
402-391-8484
Fax: 402-391-1103
pacar@cox.net
ATTORNEY FOR PLAINTIFF

/s/ William L. Reinbrecht
CAR & REINBRECHT, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE 68124
402-391-8484
Fax: 402-391-1103
billr205@gmail.com
ATTORNEY FOR PLAINTIFF

/s/ O Randolph Bragg
HORWITZ HORWITZ & ASSOCIATES
25 E Washington Street
Suite 900
Chicago, IL 60602
312- 372-8822
Fax: 312-372-1673
rand@horwitzlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Amy Lynn Van Horne
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
Fax: 402-346-1148
Amy.VanHorne@KutakRock.com
ATTORNEY FOR DEFENDANT

Those opting out of this action are:

1. Jerry L. Mertz

2. Monica A. Fisher

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion has been served on Defendants' attorney below through the Court's ECF system, on this 16th day of March, 2015:

/s/ *William L. Reinbrecht*
William L. Reinbrecht, #20138

SERVICE LIST:

Amy Lynn Van Horne
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
Fax: 402-346-1148
Amy.VanHorne@KutakRock.com
ATTORNEY FOR DEFENDANT