IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY D. SMITH, on behalf of himself and all others similarly situated;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GURSTEL CHARGO, PA,<br><br>　　　　　　Defendant. | 8:14CV183<br><br>ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

This matter is before the court on the parties' joint motion for approval of class action settlement, Filing No. 28, and on the plaintiff's unopposed motion for attorney fees, Filing No. 25. On March 19, 2015, a Final Fairness Hearing was held on the proposed class action settlement. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object.

I.　　FACTS

In October, 2014, after arms-length negotiations, the parties entered into a Class Action Settlement Agreement (hereinafter, the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Filing No. 22, Index of Evid., Ex. 1, Settlement Agreement. On October 27, 2014, the parties jointly moved for class certification and for preliminary approval of the class action settlement agreement. Filing No. 20, Joint Motion To Certify Class And For Preliminary Approval Of Class Settlement. *Id.* The defendant has shown that within ten days of filing the proposed settlement, the defendant complied with the requirements of 28 U.S.C. § 1715(b) by serving the requisite notice on the appropriate State and Federal officials. Filing No. 30, Index of Evid., Ex. 3, Proposed Final Order at 1.

On November 17, 2014, on consideration of the parties' Motion for Preliminary Approval and the record, the court certified the class and preliminarily approved the Settlement (hereinafter referred to as the "Preliminary Approval Order"). Filing No. 23, Order Preliminarily Certifying Class and Granting Preliminary Approval of Settlement. Pursuant to that order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Gary D. Smith as the Class Representative; (iv) appointed O. Randolph Bragg, and Pamela A. Car, and William L. Reinbrecht as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On March 16, 2015, the parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). On March 19, 2015, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine applicable prerequisites for class action treatment were satisfied and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

II.   LAW

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3)

the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. See *DeBoer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court. *Id.* at 1176.

The parties have shown that class action notices and claim forms were mailed to all of the Class Members. See Filing No. 30, Index of Evid., Exs. 1, Affidavit of Eugene G. Randono; Ex. 2, Notice. The form and method for notifying the class members of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The court finds that the proposed notice was clearly designed to advise the class members of their rights.

The record shows the class members were given a fair and reasonable opportunity to appear at the Fairness Hearing and to object to the settlement. No Class

3

Member appeared at the hearing or otherwise objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. There are two such persons, and they are: Monica A. Fisher and Jerry L. Mertz. *See Id.*, Ex. 1, Randono Aff. at 2; Ex. 3, Parties Proposed Order at 5.

The parties have requested final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement and approval of attorney fees and costs. For the reasons stated in its order granting preliminary approval, Filing No. 23, the Court finds that class action treatment under Fed. R. Civ. P. 23 is appropriate. The court finds the class members are so numerous that joinder of all of them in the action is impracticable; there are questions of law and fact common to the Class Members that predominate over any individual questions; the claims of the plaintiff are typical of the claims of the class members; the plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members; and class treatment of these claims is efficient and manageable and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. *See* Fed. R. Civ. P. 23

The Court has read and considered the Settlement Agreement and the record. The material terms of the Settlement include payment of $1,000 in statutory damages and $2,000 in compensation for his service as Class Representative to the named plaintiff, distribution of $5,000.00 equally among all members of the Class who have not been excluded, and distribution of $4,259.03 equally among all members of the FDCPA Sub-Class who have not been excluded. Filing No. 22, Index of Evid., Ex. 1, settlement

Agreement at 12.  Significantly, the defendant also agrees to cease using letters in the form of Exhibit A attached to the Complaint.  The Court finds that the settlement of the action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, especially in light of the fact that the defendant is paying the maximum statutory damages allowed by law to the FDCPA Sub-Class.  *See* Filing No. 22, Ex. 1, Settlement Agreement at 12.

Based on the court's familiarity with the case throughout the course of this litigation, the court concludes that the proposed partial settlement is within the range of potential outcomes in this case.  The strength of plaintiff's case against this defendant is tempered by the defendant's limited resources and the statutory damages caps.  In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of the defendant's agreement to change its collections practices.  Further, there are no objections to the settlement.  Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class.  Accordingly, the court finds that the proposed settlement should be approved.

The defendant also agreed, subject to the approval of the Court, to pay reasonable attorney's fees and expenses of the plaintiff's attorneys in an amount not to exceed $12,547.60.  Filing No. 22, Index of Evid., Ex. 1, Settlement Agreement at 13.  A thorough judicial review of fee applications is required in all class action settlements.  *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the

responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45.

Notice of the attorney fee agreement has been provided to the class. *See* Filing No. 22, Index of Evid., Ex. 4, Class Notice at 3. In support of its unopposed motion for attorney fees, the plaintiff have shown that plaintiff's attorneys, O. Randolph Bragg, Pamela A. Car, and William L. Reinbrecht, and a paralegal have expended a total of close to 32 hours at rates of $125 to $350 per hour, resulting in lodestar amount of $14,937.60. Filing No. 27, Index of Evid., Exs. 1 & 1A, Declaration of William Reinbrecht and time records; Exs. 2 & 2A, declaration of O. Randolph Bragg and time records; Exs. 3 & 3A, Declaration of Pamela Car and time records. They have incurred costs in the amount of $502. *Id.*, Ex. 1, Reinbrecht Decl. at 8.

The court finds the award of attorney fees and costs agreed to in the Settlement Agreement are fair and reasonable. The court is familiar with attorney rates in this community and with the competence and expertise of the attorneys representing the class. The court finds rates of $300 to $350 per hour for attorneys and $125 per hour for paralegals are reasonable in this community for professionals with the experience and expertise of the plaintiff's counsel. Furthermore the number of hours expended is reasonable in view of the nature of the litigation and the complexity of issues. The

amount of attorney fees agreed to in the Settlement Agreement is lower that the lodestar amount, which itself is reasonable.  The plaintiff has demonstrated that counsels' services have benefitted the class.  Accordingly, the court finds the unopposed motion for attorney fees should be granted.

IT IS HEREBY ORDERED:

1. The parties' joint motion for final approval of class action settlement (Filing No. 28) is granted.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), this action is certified as a class action, for settlement purposes only, on behalf of the following class:

> All individuals in the State of Nebraska to whom during the period commencing four years prior to the filing of suit, June 17, 2014, through the date of preliminary approval, November 17, 2014, the defendant sent a letter substantially similar to Exhibit A to the plaintiff's complaint and whose letter was not returned as undeliverable.
>
> A sub-class ("the FDCPA sub-class") is certified consisting of Nebraska consumers to whom such letters were sent during the portion of the class period commencing one year prior to the filing of this suit.

3. Excluded from the Class are:

   a. any person who is already subject to an existing release;
   b. any person who was deceased as of the date of the preliminary approval order;
   c. any person who was discharged in bankruptcy under Title 11 of the United States Code as of the date of the preliminary approval order; and
   d. any Class Member who timely mailed a request for exclusion, namely, Monica A. Fisher and Jerry L. Mertz.

4. The Court finally certifies plaintiff Gary D. Smith as the Class Representative and O. Randolph Bragg, Pamela A. Car, and William L. Reinbrecht as Class Counsel for the Class Members.

     5.     The parties' proposed Settlement Agreement (Filing No. 22, Ex. 1) is approved and incorporated herein by reference.

     6.     Pursuant to the Settlement Agreement, the plaintiff's class claims against the defendant are dismissed.

     7.     This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

     8.     The plaintiff's unopposed motion for attorney fees (Filing No. 25) is granted.

     9.     A judgment in favor of the plaintiff and against defendant in the amount of $1,000 in statutory damages and $2,000 in compensation for service as Class Representative, and in the amount of $12,547.60 for attorney fees will be entered this date.

     DATED this 31st day of March, 2015.

     BY THE COURT:

     s/ Joseph F. Bataillon  
     Senior United States District Judge