IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY D. SMITH, on behalf of himself and all others similarly situated;<br><br>     Plaintiff,<br><br>     v.<br><br>GURSTEL CHARGO, PA, ;<br><br>     Defendant. | **8:14CV183**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on defendant's motion to modify the final judgment in this case, Filing No. 34.  The defendant argues the court's judgment varies materially with two terms of the settlement:  the provision stating that each member of the class " upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Persons" and the provision that " the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement and approve Plaintiff's attorney fees."  See Filing No. 34.

      In its Order on Final Approval of Class Action Settlement (hereinafter, "Final Order"), the court approved the parties' settlement agreement and incorporated its terms by reference.  Filing No. 32, Final Order at 8; See Filing No. 22-1, Settlement Agreement.  The Judgment was entered contemporaneously in order to effectuate the Final Order and to comply with the Federal Rules, which require "[e]very judgment and amended judgment must be set out in a separate document."  Fed. R. Civ. P. 58.  The Final Order and the Judgment, together, reasonably convey the terms of the settlement

and do not leave the defendant "forced to argue" the effect of the settlement "in any court where it might be sued." Filing No. 34, Motion at 1. The Final Order, incorporating the Settlement Agreement, makes it clear that the class members "are enjoined" upon entry of the Final Order "from instituting or maintaining any action for the Released Claims against the Released Persons," as defined in the agreement.[1]  See Filing No. 22-1, Settlement Agreement at 14. Further, the Settlement Agreement expressly provides that the "the Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement."  Id. at 15. Further, the execution of the Final Order and the Judgment on the terms specified in the Settlement Agreement clearly contemplates a dismissal with prejudice of the plaintiff class member's claims.  See id. at 10.

The court finds that both the Final Order and the Judgment comport with the material terms of the Settlement Agreement and do not differ in any material respect from the parties' proposed Order and Judgment.[2]  See Filing No. 22-5, Proposed Order.

---

[1] The Settlement Agreement provides:

> Upon entry of the Final Order and Judgment, each Class Member, including Plaintiff, on behalf of himself and such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge Defendant and all of its partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (the "Released Persons"), from any and all of the Released Claims.

Filing No. 22-1, Settlement Agreement at 14.

[2] Notably, the parties' proposal also incorporated the Settlement Agreement by reference. Filing No. 22-5, Proposed Final Order and Judgment at 5.

The court is puzzled by the defendant's assertion that "no such [money] judgment was contemplated or agreed to by Defendant," and that the "settlement provided for an equitable judgment approving and directing completion of the settlement." Filing No. 34, Motion at 2. The Settlement Agreement expressly provided for payment in the amount of $1,000.00 to plaintiff Gary D. Smith for his individual claims, and in the amount of $2000.00 for his service to the Class. *See* Filing No. 22-1, Settlement Agreement at 13. Further, subject to approval by the court, the defendant agreed to pay the plaintiff's reasonable attorneys' fees and expenses in an amount not to exceed $12,547.60. *See id.* The Final Order also refers to the other monetary payments agreed to by the parties. Filing No. 32, Final Order at 4-5.

The defendant also contends that modification is appropriate under Fed. R. Civ. P. 60(b)(5) because "as of the time of the filing of the motion defendant has paid the monetary portion of the award." Filing No. 34, Motion at 2. Rule 60(b)(5)(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Defendant's concerns in this regard can be addressed with a properly executed satisfaction of judgment. *See Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (stating "[t]he 'satisfied, released, or discharged' clause of Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount"); *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) ("Rule

3

60(b)(5)'s equitable leg cannot be used to relieve a party from a money judgment.") The defendant has made no evidentiary showing that it has satisfied the judgment and its contention that no money judgment was contemplated in the settlement agreement seems to contravene that assertion. On a proper showing that its obligations have been satisfied, the defendant is free to move for satisfaction of judgment under Fed. R. Civ. P. 60(b)(5). Accordingly, the court finds the defendant's motion to modify the final judgment should be denied.

IT IS ORDERED THAT: Defendant's motion to modify the final judgment (Filing No. 34) is denied.

Dated this 7th day of May, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge