IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GARY D. SMITH, on behalf of himself and
all others similarly situated;

             Plaintiff,

    vs.

GURSTEL CHARGO, PA,

             Defendant.

8:14CV183

MEMORANDUM AND ORDER

      This matter is before the court on class representative Gary D. Smith's (hereinafter, "lead plaintiff") supplemental motion for attorney fees, Filing No. 47. This is a class action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. ("NCPA").

      The court entered an order preliminarily approving a class action settlement, Filing No. 23, held a fairness hearing, Filing No. 31, and entered an order of final approval of the parties' settlement, Filing No. 32. Pursuant to those orders and the settlement, the court awarded fees to the plaintiff in the amount of $12,567.60 on March 31, 2015. See Filing No. 22, Ex. 1, Settlement Agreement; Filing No. 32, Memorandum and Order. Lead plaintiff now moves for approval of additional fees and costs expended as a result of alleged errors made by the defendant in the administration of the class action settlement.

      In the Settlement Agreement, the parties agreed that the settlement would be administered "by the defendant (or, at Defendant's choice and subject to approval of Class Counsel, an independent claims administrator)." Filing No. 22-1, Settlement

Agreement at 10. The lead plaintiff asserts that the defendant did not abide by the terms of the Settlement Agreement and did not consult or inform Class Counsel that the defendant was not administering the class action settlement nor did they obtain approval for an independent claims administrator to identify class members and distribute settlement proceeds to them. See Filing No. 49-5, Index of Evid., Ex. 3, Affidavit of Pamela Car ("Car Aff.") at 4. Instead, it obtained the services of a mail house known as Renkim. Id.

The lead plaintiff has shown that almost immediately after the attorney fee award was entered, the defendants notified the plaintiff that it objected to the judgment entered by the court. Id., Car Aff. at 3. Lead plaintiff has submitted e-mail correspondence documenting lead counsel's attempts to resolve the matter. Filing No. 52-2, Index of Evid., Ex. 1, Affidavit of Pamela Car ("Car Aff. II"), Ex. 1A, e-mails. Defendants filed a Motion to Modify Final Judgment on April 28, 2015. Filing No. 34. That motion was ultimately denied. Filing No. 36.

Shortly thereafter, the court approved additional notice to the class, on a showing that counsel for the defendant had informed lead counsel that all of the approximately 5000 checks mailed were defective and nonnegotiable because of a mistake in the bank routing number printed on the checks. Filing No. 37, Motion for Additional Notice; Filing No. 40, Order; Filing No. 42, Stipulation. The court also ordered the defendant to post a performance bond. Filing No. 40, Order; Filing No. 45, Modified Order.

Lead counsel have now shown that additional fees and costs were incurred as a result of the defendant's actions. See Filing No. 49, Index of Evid., Ex. 1, Declaration of William Reinbrecht; id., Ex. 1A, Reinbrecht Time Records; id., Ex. 2, Declaration of O.

2

Randolph Bragg; *id.*, Ex. 2A , Bragg Time Records; *id.*, Ex. 3, Declaration of Pamela A. Car; *id.,* Ex. 3A, Car Time Records. Lead plaintiff requests fees in the amount of $16,717.14 (representing 50.05 hours of attorney time at the rates of $300 to $350 per hour and 6.7 hours of paralegal time at the rate of $125 per hour) for time required after March 4, 2015.

In opposition to the motion, defendant contends the fees are sought for work performed as a result of an inadvertent unintentional error and that the class was not damaged thereby. It contends that no class members submitted a claim form requesting fees, charges, or expenses as a result of dishonor, rejection or return of the original settlement check.[1] It argues that the request for supplemental fees is itself a breach of the settlement agreement. It contends that the lead plaintiff is seeking a "second bite" at an attorney fee award, attempting to get fees that are above and beyond the contractually agreed-upon fee cap and fees that were, in fact, already addressed as of the Final Fairness Hearing. Also, defendant submits an affidavit showing that of the 3,376 settlement checks sent to the Class, 681 were honored by the bank despite the incorrect routing number, and only 136 class members returned their original checks and requested replacement checks. Filing No. 50-1, Index of Evid., Affidavit of Lewis S. Doot at 1-2. Defendant also argues additional fees should be

---

[1] Specifically, they argue that:

The work allegedly related to the mis-printed checks was completely unnecessary. Class counsel raised a "parade of horribles" before the Court about the possibility of dishonored check fees, unpaid bills and other detrimental effects to the Class that would arise from the misprint. None of these events Class counsel speculated would happen even came to pass.

Filing No. 50, Defendant's Brief in Opposition at 8.

3

denied because lead counsel did not request them in pleadings or at hearings in connection with the misprinted checks issue. Filing No. 50, Defendant's Brief at 10.

In support of the motion for an award of additional fees, lead plaintiff has shown that defendant first caused lead counsel to expend time on the defendant's objections to the initial fees award. Lead counsel has also shown that the management of the problems caused by the mistaken routing number required multiple conference calls with the court and defense counsel. Lead counsel was also required to file additional pleadings and make additional appearances in connection with the issue. Counsel was also required to expend time and effort securing the performance bond.

The equitable supervisory authority that Rule 23 of the Federal Rules of Civil Procedure grants federal courts in class actions extends to attorney fee questions and itself provides a quasi-substantive predicate for fee allowances. *In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1296, 1310 (E.D.N.Y. 1985), *modified on other grounds*, 818 F.2d 226 (2d Cir. 1987); *see, e.g., Vincent v. Hughes Air West, Inc., 557 F.2d 759, 768 (9th Cir. 1977)*; 7A C. Wright & A. Miller, Federal Practice and Procedure § 1803 (1972 & Supp.1984). The court first finds that the expenditure of such fees and costs was necessary and reasonable to effectuate the settlement agreement and to conclude the litigation. The fee expenditure benefitted the class and was necessitated by actions outside the lead plaintiff's or lead counsel's control. The court rejects the defendant's specious contention that the request for additional fees is itself a breach of the settlement agreement. It appears to the court that the defendant's recalcitrance, untenable positions, and lack of cooperation served to increase the fees. The court finds class counsel's efforts were appropriate and reasonable considering the potential

4

damage to the class that could have been caused by the check debacle. The fact that no "parade of horribles" resulted from the misstep is of no consequence to the determination. Lead counsel's efforts served to minimize the damages that could have resulted. Under the circumstances the court finds an award of supplemental fees is necessary. The lead plaintiff should not bear the brunt of the defendant's mistakes, whether inadvertent or not.

The court further finds, based on its familiarity with attorney rates in this community, and its knowledge of the competence and expertise of the attorneys representing the class, that rates of $300 to $350 per hour for attorneys and $125 per hour for paralegals are reasonable in this community. Furthermore, the court finds the number of hours expended is reasonable in view of the potential damage to the class, and the nature of the defendant's opposition.

The court finds, however, that an award only up to the amount of the original award is appropriate. In the settlement agreement, defendant agreed not to challenge the award up to that point. The defendant could have avoided the additional fees by properly administering the settlement, or could have lessened the fees by cooperating in efforts to resolve the issue. As a result of the defendant's actions, lead counsel were required to respond to a baseless objection to the court's final order and to essentially re-do the class notice. The court finds a re-imposition of the initial award is a reasonable outcome. Accordingly,

IT IS ORDERED:

1. Class representative Gary D. Smith's supplemental motion for attorney fees ([Filing No. 47](Filing No. 47)) is granted.

2. Supplemental attorney fees in the amount of $12,567.60 are awarded to the lead plaintiff.

3. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 4th day of April, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge